UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MICHAEL A. FAZIO and KIM M. FAZIO,<br><br>        Plaintiffs,<br>  v.<br><br>RECONTRUST COMPANY, N.A., et al.,<br><br>        Defendants.<br>_____/ | No. C 13-554 MEJ<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS (Docket No. 8)** |

## I. INTRODUCTION

This action concerns foreclosure proceedings on real property located at 1468 East Avenue, Hayward, California ("the Property"). Plaintiffs Michael A. Fazio and Kim M. Fazio ("Plaintiffs") have filed a Complaint alleging that Defendants[1] lack standing to foreclose under the deed of trust due to breaches of the original loan securitization agreement and the deed of trust. Plaintiffs also allege Defendants' conduct violated California Business & Professions Code section 17200 based on these breaches, and violation of California Civil Code section 2923.5. Now before the Court is Defendants' Motion to Dismiss, filed on March 18, 2013. Dkt. No. 8. The Court finds this motion suitable for disposition without oral argument and VACATES the November 1, 2012 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court GRANTS Defendants' motion for the reasons set forth below.

---

[1] Defendants are Reconstruct Company, N.A.; Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificate Holders of the Cwalt, Inc. Alternative Loan Trust 2006-40T1, Mortgage Pass-Through Certificates, Series 2006-40T1; Bank of America, N.A.; and Mortgage Electronic Registration Systems, Inc.

## II. REQUEST FOR JUDICIAL NOTICE

As a preliminary matter, Defendants have filed a Request for Judicial Notice. Dkt. No. 8-1 ("RJN"). Defendants request that the Court take judicial notice of the following documents: (1) Exhibit A: Deed of Trust, dated October 5, 2006, and recorded in the official records of the County of Alameda on October 16, 2006 as document number 2006387229, encumbering real property located at 1468 East Avenue, Hayward, California, 94541; (2) Exhibit B: Substitution of Trustee, recorded in the official records of the County of Alameda on August 24, 2011, as document number 2011242829, regarding the Property; (3) Exhibit C: Corporate Assignment of Deed of Trust, recorded in the official records of the County of Alameda on August 24, 2011 as document number 2011242830, regarding the Property; (4) Exhibit D: Notice of Default and Election to Sell Under Deed of Trust, recorded in the official records of the County of Alameda on August 24, 2011 as document number 2011242831, regarding the Property; (5) Exhibit E: Notice of Trustee's Deed Sale, recorded in the official records of the County of Alameda on November 29, 2011 as document number 2011338636, regarding the Property; (6) Exhibit F: Docket for Case No. RG11608571 filed in the Superior Court of California for the County of Alameda; (7) Exhibit G: Plaintiffs' First Amended Complaint, filed in the Superior Court of California for the County of Alameda, on December 15, 2011 (Case No. RG11608571); (8) Exhibit H: Order sustaining Defendants' Demurrer to the First Amended Complaint, filed in the Superior Court of California for the County of Alameda, on October 11, 2012 (Case No. RG11608571); (9) Exhibit I: Order granting Defendants' Motion to Strike, filed in the Superior Court of California for the County of Alameda, on October 11, 2012 (Case No. RG11608571); (10) Exhibit J: Order Vacating Dismissal, filed in the Superior Court of California for the County of Alameda, on November 18, 2012 (Case No. RG11608571); (11) Exhibit K: Judgment in favor of Defendants, filed in the Superior Court of California for the County of Alameda, November 15, 2012 (Case No. RG11608571); (12) Exhibit L: California Attorney General Press Release, dated February 22, 2010, located at http://oag.ca.gov/news/press-releases/brown-warns-homeowners-avoid-forensic-loanaudits. Dkt. No. 8-1. Plaintiffs object to Defendants' request, arguing that it is improper because it seeks judicial

notice of the truth of the matters asserted within those documents, and those statements are hearsay and are reasonably subject to dispute. Dkt. No. 15.

Documents that are public records are the proper subject of judicial notice. Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, the Court may take judicial notice of Exhibits A through E because they are documents published in the official public records of Alameda County and are capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201. Indeed, California district courts have taken judicial notice of recorded foreclosure notices when ruling on a motion to dismiss. *See*, *e.g.*, *Gardner v. American Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1196 (E.D. Cal. 2010) (taking judicial notice of a Notice of Default and Notice of Trustee's Sale); *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1039 (E.D. Cal. 2009) (finding judicial notice of recorded Notice of Default, Notice of Trustee's Sale, and Trustee's Deed Upon Sale proper); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1192 n. 12 (N.D. Cal. 2009) (taking judicial notice of the Deed of Trust). Accordingly, Defendants' request for judicial notice is GRANTED as to Exhibits A through E.

The Court may also take judicial notice of Exhibits F through K because they are court records of the Superior Court of the State of California for the County of Alameda. Judicial notice may be taken of any court of this state or the United States. Cal. Evid. Code § 452(c), (d); *Aaronoff v. Martinez-Senftner*, 136 Cal. App. 4th 910, 918 (2006) ("Judicial notice may be taken of any court record."); *Dugall v. G.E. Commc'ns Servs., Inc.*, 81 Cal. App. 4th 81, 86 (2000) (permitting judicial notice of the records of California court). Accordingly, Defendants' request for judicial notice is GRANTED as to Exhibits F through K.

As to Exhibit L, the Court does not consider it in the analysis below. Therefore, the Court need not determine whether to take judicial notice of Exhibit L.

### III. BACKGROUND

On October 16, 2006, Plaintiffs executed a deed of trust in the amount of $595,000 in favor of HCI West, Inc. ("HCI") to purchase real property located at 1468 East Avenue in Hayward,

California. Plaintiffs executed a Promissory Note ("Note") to evidence the debt. Compl. ¶¶ 10-11, Dkt. No. 1; RJN, Ex. A. The Note was secured by a deed of trust against the Property ("DOT"), dated October 5, 2006, and recorded in the Alameda County Official Records on October 16, 2006. Compl. ¶ 10; RJN, Ex. A. The DOT identifies HCI as the Lender, Mortgage Electronic Registration Systems ("MERS") as the Beneficiary and Nominee for the Lender and its assigns, and Financial Title as Trustee. *Id.*

On August 24, 2011, MERS recorded a substitution of trustee, which substituted ReconTrust Company, N.A. ("ReconTrust") as the new trustee. Compl. ¶ 14; RJN, Ex. B. MERS, as beneficiary under the Note, simultaneously executed and recorded a "Corporation Assignment Deed of Trust ("Assignment"), which transferred MERS' beneficial interest to The Bank of New York ("BONY"), as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-40TI ("Trust"). Compl. ¶ 15; RJN, Ex. C. ReconTrust, as the new trustee, then recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD"). Compl. ¶ 15; RJN, Ex. D. Attached to the NOD was a declaration of compliance made in accordance with California Civil Code section 2923.5. RJN, Ex. D.

On November 29, 2011, ReconTrust, as trustee, recorded a Notice of Trustee's sale ("NOS"), with a noticed trustee sale date of December 19, 2011. *Id.*, Ex. E. At the time ReconTrust issued the NOS, Plaintiffs owed $647,054.69 on their loan. *Id.*

On December 15, 2011, Plaintiffs filed a complaint in the Alameda County Superior Court, Case No. RG11608571, alleging a single cause of action for slander of title against BONY and Bank of America, N.A. *Id.*, Exs. F, G. After the defendants successfully demurred, Plaintiffs were given leave to amend the complaint. *Id.*, Ex. F. Thereafter, Plaintiffs filed a First Amended Complaint ("FAC"), which, without leave of court, added MERS and ReconTrust as defendants, as well as three new causes of action for: wrongful foreclosure, violation of California Civil Code section 2923.5, and violation of California Business & Professions Code section 17200. *Id.*, Exs. F-H.

On October 11, 2012, the Alameda County Superior Court sustained Defendants' demurrer to the first cause of action of the FAC without leave to amend, and struck the later-added defendants and

4

1 causes of action because they were added without permission. *Id.*, Exs. H, I. Although the court
2 granted leave to amend the FAC, Plaintiffs subsequently attempted to voluntarily dismiss the FAC,
3 despite the dispositive ruling on the demurrer. *Id.*, Ex. H, J. On November 8, 2012, the court vacated
4 the dismissal and entered judgment against Plaintiffs, dismissing the entire action with prejudice. *Id.*,
5 Ex. J.

6 On February 8, 2013, Plaintiffs filed the present lawsuit, alleging identical state law claims to
7 those they brought in the FAC and which were dismissed by the Alameda County Superior Court.
8 Dkt. No. 1. In the Complaint, Plaintiffs allege that jurisdiction is proper under 28 U.S.C. §
9 1332(a)(2) because "Every issue of law and fact in this action is wholly between citizens of different
10 states." Compl. ¶ 8. However, the Complaint also alleges that Plaintiffs and Defendant ReconTrust
11 are citizens of California. *Id.* ¶¶ 3, 4.

12 On March 18, 2013, Defendants filed the present Motion to Dismiss for lack of subject matter
13 jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a
14 claim upon which relief can be granted pursuant to Rule 12(b)(6). Dkt. No. 8. Plaintiffs filed an
15 Opposition on April 12, 2013, countering that the Court has subject matter jurisdiction under 28
16 U.S.C. § 2201, the Declaratory Judgment Act, despite the fact that the Complaint alleges only state
17 law claims. Opp'n, Dkt. No. 14.

18 As the Court finds the jurisdictional argument dispositive, it turns to it first.

### IV. LEGAL STANDARD

20 Federal courts are courts of limited jurisdiction and these limits, whether imposed by the
21 Constitution or by Congress, cannot be disregarded or evaded. *Kokkonen v. Guardian Life Ins. Co. of*
22 *Amer.*, 511 U.S. 375, 377 (1994); *Al Nieto v. Ecker*, 845 F.2d 868, 871 (9th Cir. 1988) (holding that a
23 federal court's "power to adjudicate claims is limited to that granted by Congress, and such grants are
24 not to be lightly inferred"). Federal courts have original jurisdiction over cases that involve diversity
25 of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen*, 511 U.S.
26 at 377 (1994). A federal court is presumed to lack jurisdiction in a particular case unless the contrary
27 affirmatively appears. *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).

28

Plaintiffs bear the burden of proving that subject matter jurisdiction exists. *Kokkonen*, 511 U.S. at 377 (internal citation omitted).

A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint. *Thornhill Publ. Co. v. Gen'l Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). When, as here, a defendant challenges the latter, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.* (internal quotation marks and citation omitted). The Court may look beyond the complaint to matters of public record without converting the motion into one for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

## V. DISCUSSION

Turning to the merits of Plaintiffs' Complaint, the Court finds that Plaintiffs have not sufficiently demonstrated a basis for either diversity or federal question jurisdiction.

### A.  Diversity Jurisdiction

In their Complaint, Plaintiffs allege that diversity jurisdiction exists because the action involves "a sum in excess of $75,000" and "[e]very issue of law and fact in this action is wholly between citizens of different states." Compl. ¶ 8. There are two requirements for diversity jurisdiction: (1) diversity of citizenship; and (2) the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332. Although Plaintiffs allege that the amount in controversy exceeds $75,000, they also allege that they are citizens of California, and that Defendant ReconTrust is a national banking association organized under the laws of the United States, with its main office in California. Compl. ¶¶ 3, 4. For the purposes of diversity jurisdiction, national banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. A national banking association is "located" in "the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (construing 28 U.S.C. § 1348). Thus, as it is undisputed that ReconTrust is a national banking association with

6

its designated main office in California, there can be no diversity jurisdiction. *See Bedalla v. Bank of Am.*, 2012 WL 5464635, at *1 (N.D. Cal. Nov. 8, 2012) (finding ReconTrust to be a California citizen for purposes of diversity jurisdiction); *see also Rodriguez v. Bank of Am. Corp.*, 2012 WL 2375833, at *3 (D. Nev. June 21, 2012) (same). Plaintiffs' Opposition fails to address this issue and instead attempts to allege federal question jurisdiction.

### B. Federal Question Jurisdiction

In their Opposition, Plaintiffs argue that federal question jurisdiction exists under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. However, the Declaratory Judgment Act does not create an independent basis for subject matter jurisdiction. *Vaden v. Discovery Bank*, 556 U.S. 49, 70 n. 19 (2009). The Act is procedural and does not extend the jurisdiction of the federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). In other words, "[t]he use of the declaratory judgment statute does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201." *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir. 1985); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, Plaintiffs' Complaint rests entirely on state law, and there is no independent basis for federal jurisdiction. "The Declaratory Judgment Act . . . applies only if federal jurisdiction independently exists." *Gritchen v. Collier*, 254 F.3d 807, 811 (9th Cir. 2001). The cases Plaintiffs rely on to confer jurisdiction are inapposite because they each state an independent basis for federal jurisdiction. *See Vogan v. Wells Fargo Bank, N.A.*, 2011 WL 5826016, at *2 (E.D. Cal. Nov. 17, 2011) (jurisdiction based on 15 U.S.C. § 1641(g)); *Schafer v. CitiMortgage, Inc.*, 2011 WL 2437267, at *2 (C.D. Cal. June 15, 2011) (same); *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2533029 (C.D. Cal. June 24, 2011) (diversity jurisdiction). Plaintiffs cite no other federal law beyond 28 U.S.C. § 2201 that might apply to any claims in their own Complaint. The Court thus finds that it does not have subject matter jurisdiction under 28 U.S.C. § 1331.

## VI. CONCLUSION

Because Plaintiffs have failed to establish diversity or federal question jurisdiction, the Court

GRANTS Defendants' motion under Rule 12(b)(1) and DISMISSES the Complaint. However, Plaintiffs may correct a jurisdictional defect by amending the Complaint to dismiss a non-diverse party. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572 (2004). Thus, while Plaintiffs have failed to plead any federal causes of action, it is possible that diversity jurisdiction could exist if they dismiss any non-diverse Defendants. Accordingly, the Court GRANTS Plaintiffs leave to amend the Complaint, but only if they can establish diversity jurisdiction. Plaintiffs shall not add any causes of action that are not alleged in their Complaint and/or Opposition. Plaintiffs shall filed any amended complaint within 20 days from the date of this Order. Plaintiffs' failure to timely file an amended complaint will result in a dismissal of his case with prejudice. Any new cause of action shall be stricken.

Based on this disposition, the Court does not reach defendant's Rule 12(b)(6) motion.

**IT IS SO ORDERED.**

Dated: May 10, 2013

_____
Maria-Elena James
United States Magistrate Judge

8