# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| MICHAEL A. FAZIO and KIM M. FAZIO, | No. C 13-554 MEJ |
| Plaintiffs, | **ORDER RE: DEFENDANTS' MOTION TO DISMISS (Docket No. 28)** |
| v. | |
| BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, et al., | |
| Defendants. | |

## I. INTRODUCTION

This action concerns foreclosure proceedings on real property located at 1468 East Avenue, Hayward, California ("the Property"). Plaintiffs Michael A. Fazio and Kim M. Fazio ("Plaintiffs") filed their initial Complaint on February 8, 2013, alleging that the named defendants[1] ("Original Defendants") lacked standing to foreclose under the deed of trust due to breaches of the original loan securitization agreement and the deed of trust, as well as other related state causes of action. Dkt. No. 1. On May 10, 2013, the Court dismissed Plaintiffs' Complaint for lack of jurisdiction, but granted Plaintiffs leave to amend their Complaint.

Plaintiffs filed their First Amended Complaint ("FAC") on June 4, 2013, which does not include Original Defendant ReconTrust Company, N.A. ("ReconTrust"). Dkt. No. 27. Now before the Court is Defendants' Motion to Dismiss, filed on June 21, 2013. Dkt. No. 28. The Court finds this Motion suitable for disposition without oral argument and VACATES the August 1, 2013 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court GRANTS Defendants' Motion for the reasons set forth below.

---

[1] In the initial Complaint, Defendants were ReconTrust Company, N.A.; Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificate Holders of the Cwalt, Inc. Alternative Loan Trust 2006-40T1, Mortgage Pass-Through Certificates, Series 2006-40T1; Bank of America, N.A.; and Mortgage Electronic Registration Systems, Inc.

## II. REQUEST FOR JUDICIAL NOTICE

As a preliminary matter, Defendants have filed a Request for Judicial Notice ("RJN"). Dkt. No. 28-1. Defendants request that the Court take judicial notice of the following documents: (1) Exhibit A: Deed of Trust, dated October 5, 2006, and recorded in the official records of the County of Alameda on October 16, 2006, as document number 2006387229, encumbering real property located at 1468 East Avenue, Hayward, California, 94541; (2) Exhibit B: Substitution of Trustee, recorded in the official records of the County of Alameda on August 24, 2011, as document number 2011242829, regarding the Property; (3) Exhibit C: Corporate Assignment of Deed of Trust, recorded in the official records of the County of Alameda on August 24, 2011, as document number 2011242830, regarding the Property; (4) Exhibit D: Notice of Default and Election to Sell Under Deed of Trust, recorded in the official records of the County of Alameda on August 24, 2011, as document number 2011242831, regarding the Property; (5) Exhibit E: Notice of Trustee's Deed Sale, recorded in the official records of the County of Alameda on November 29, 2011, as document number 2011338636, regarding the Property; (6) Exhibit F: Docket for Case No. RG11608571 filed in the Superior Court of California for the County of Alameda; (7) Exhibit G: Plaintiffs' First Amended Complaint, filed in the Superior Court of California for the County of Alameda, on December 15, 2011 (Case No. RG11608571); (8) Exhibit H: Order sustaining Defendants' Demurrer to the First Amended Complaint, filed in the Superior Court of California for the County of Alameda, on October 11, 2012 (Case No. RG11608571); (9) Exhibit I: Order granting Defendants' Motion to Strike, filed in the Superior Court of California for the County of Alameda, on October 11, 2012 (Case No. RG11608571); (10) Exhibit J: Order Vacating Dismissal, filed in the Superior Court of California for the County of Alameda, on November 18, 2012 (Case No. RG11608571); (11) Exhibit K: Judgment in favor of Defendants, filed in the Superior Court of California for the County of Alameda, November 15, 2012 (Case No. RG11608571); (12) Exhibit L: California Attorney General Press Release, dated February 22, 2010, located at http://oag.ca.gov/news/press-releases/brown-warns-homeowners-avoid-forensic-loanaudits. Dkt. No. 28-1. Plaintiffs object to Defendants' request, arguing that it is improper because it seeks judicial

notice of the truth of the matters asserted within those documents, and those statements are hearsay and are reasonably subject to dispute. Dkt. No. 33.

Documents that are public records are the proper subject of judicial notice. Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, the Court may take judicial notice of Exhibits A through E because they are documents published in the official public records of Alameda County and are capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201. Indeed, California district courts have taken judicial notice of recorded foreclosure notices when ruling on a motion to dismiss. *See*, *e.g.*, *Gardner v. Am. Home Mortg. Serv., Inc.*, 691 F. Supp. 2d 1192, 1196 (E.D. Cal. 2010) (taking judicial notice of a Notice of Default and Notice of Trustee's Sale); *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1039 (E.D. Cal. 2009) (finding judicial notice of recorded Notice of Default, Notice of Trustee's Sale, and Trustee's Deed Upon Sale proper); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1192 n. 12 (N.D. Cal. 2009) (taking judicial notice of the Deed of Trust). Accordingly, Defendants' request for judicial notice is GRANTED as to Exhibits A through E.

The Court may also take judicial notice of Exhibits F through K because they are court records of the Superior Court of the State of California for the County of Alameda. Judicial notice may be taken of any court of this state or the United States. Cal. Evid. Code § 452(c), (d); *Aaronoff v. Martinez-Senftner*, 136 Cal. App. 4th 910, 918 (2006) ("Judicial notice may be taken of any court record."); *Dugall v. G.E. Commc'ns Servs., Inc.*, 81 Cal. App. 4th 81, 86 (2000) (permitting judicial notice of the records of California court). Accordingly, Defendants' request for judicial notice is GRANTED as to Exhibits F through K.

As to Exhibit L, the Court does not consider it in the analysis below. Therefore, the Court need not determine whether to take judicial notice of Exhibit L.

### III. BACKGROUND

On October 16, 2006, Plaintiffs executed a deed of trust in the amount of $595,000 in favor of HCI West, Inc. ("HCI") to purchase real property located at 1468 East Avenue in Hayward,

3

California. FAC ¶ 9; RJN Ex. A. Plaintiffs executed a Promissory Note ("Note") to evidence the debt. *Id*. The Note was secured by a deed of trust against the Property ("DOT"), dated October 5, 2006, and recorded in the Alameda County Official Records on October 16, 2006. FAC ¶ 3; RJN, Ex. A. The DOT identifies HCI as the Lender, Mortgage Electronic Registration Systems ("MERS") as the Beneficiary and Nominee for the Lender and its assigns, and Financial Title as Trustee. RJN, Ex. A.

On August 24, 2011, MERS recorded a substitution of trustee, which substituted ReconTrust as the new trustee. FAC ¶¶ 12-13; RJN, Ex. B. MERS, as beneficiary under the Note, simultaneously executed and recorded a "Corporation Assignment Deed of Trust ("Assignment"), which transferred MERS' beneficial interest to The Bank of New York ("BONY"), as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-40TI ("Trust"). FAC ¶ 13; RJN, Ex. C. ReconTrust, as the new trustee, then recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD"). RJN, Ex. D. Attached to the NOD was a declaration of compliance made in accordance with California Civil Code section 2923.5. *Id*.

On November 29, 2011, ReconTrust, as trustee, recorded a Notice of Trustee's Sale ("NOS"), with a noticed trustee sale date of December 19, 2011. FAC ¶ 18; RJN, Ex. E. At the time ReconTrust issued the NOS, Plaintiffs owed $647,054.69 on their loan. RJN, Ex. E.

On December 15, 2011, Plaintiffs filed a complaint in the Alameda County Superior Court ("the Alameda County Action"), Case No. RG11608571, alleging a single cause of action for slander of title against BONY and Bank of America, N.A. *Id.*, Exs. F, G. After the defendants successfully demurred, Plaintiffs were given leave to amend the complaint. *Id.*, Ex. F. Thereafter, Plaintiffs filed a first amended complaint, which, without leave of court, added MERS and ReconTrust as defendants, as well as three new causes of action for: wrongful foreclosure, violation of California Civil Code section 2923.5, and violation of California Business & Professions Code section 17200. *Id.*, Exs. F-H.

On October 11, 2012, the Alameda County Superior Court sustained Defendants' demurrer to the first cause of action of the amended complaint without leave to amend, and struck the later-added

4

defendants and causes of action because they were added without permission. *Id.*, Exs. H, I. Although the court granted leave to amend the amended complaint, Plaintiffs subsequently attempted to voluntarily dismiss the amended complaint, despite the dispositive ruling on the demurrer. *Id.*, Ex. H, J. On November 8, 2012, the court vacated the dismissal and entered judgment against Plaintiffs, dismissing the entire action with prejudice. *Id.*, Ex. J.

On February 8, 2013, Plaintiffs filed the present lawsuit, alleging identical state law claims to those they brought in the amended complaint and which were dismissed by the Alameda County Superior Court. Dkt. No. 1. In their initial Complaint in this case, Plaintiffs alleged that jurisdiction was proper under 28 U.S.C. § 1332(a)(2) because "Every issue of law and fact in this action is wholly between citizens of different states." Compl. ¶ 8. However, the Complaint also alleged that Plaintiffs and ReconTrust were citizens of California. *Id.* ¶¶ 3, 4.

On March 18, 2013, the Original Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Dkt. No. 8. On May 10, 2013, the Court found that Plaintiffs failed to demonstrate a basis for either diversity or federal question jurisdiction. Order, Dkt. No. 26. As to diversity jurisdiction, it was undisputed that ReconTrust is a national banking association with its designated main office in California; thus there could be no diversity jurisdiction. *Id.* at 6-7 (citing *Bedalla v. Bank of Am.*, 2012 WL 5464635, at *1 (N.D. Cal. Nov. 8, 2012) (finding ReconTrust to be a California citizen for purposes of diversity jurisdiction); *Rodriguez v. Bank of Am. Corp.*, 2012 WL 2375833, at *3 (D. Nev. June 21, 2012) (same)).

As to federal question jurisdiction, the Court found that Plaintiffs' Complaint rested entirely on state law, despite Plaintiffs' argument that federal question jurisdiction existed under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. Order at 7 (citing *Gritchen v. Collier*, 254 F.3d 807, 811 (9th Cir. 2001) ("The Declaratory Judgment Act . . . applies only if federal jurisdiction independently exists.")). Thus, the Court found that it did not have subject matter jurisdiction under 28 U.S.C. § 1331. *Id.* However, the Court also found that diversity jurisdiction could exist if

5

1  Plaintiffs dismissed any non-diverse Defendants, and therefore afforded Plaintiffs leave to amend
2  their Complaint, but only if they could establish diversity jurisdiction. *Id.* at 8.
3        On June 4, 2013, Plaintiffs filed the present FAC, in which ReconTrust is not a named
4  defendant. Dkt. No. 27. Plaintiffs allege four causes of action: (1) breach of express agreements; (2)
5  breach of implied agreements; (3) violation of California Business and Professions Code section
6  17200; and (4) declaratory relief. *Id.*
7        On June 21, 2013, Defendants filed a Motion to Dismiss for failure to state a claim upon
8  which relief can be granted pursuant to Rule 12(b)(6). Dkt. No. 28. Defendants argue that (1)
9  Plaintiffs' FAC is barred by the doctrine of res judicata; (2) Plaintiffs cannot state a claim for breach
10 of contract arising from any alleged wrongful foreclosure because they have failed to allege tender,
11 and the judicially noticeable documents clearly establish Defendants' standing and authority to
12 foreclose; and (3) Plaintiffs cannot state a claim for violation of California Business and Professions
13 Code section 17200 because Plaintiffs have failed to allege tender, and have not pled that their
14 alleged financial damages arise from Defendants' business practices and not from their own
15 undisputed default under the subject loan. *Id.* at 1.

16 **IV. LEGAL STANDARD**

17       A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim
18 upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint,
19 which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch*
20 *LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule
21 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more
22 than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
23 do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265,
24 286 (1986)).

25       Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must
26 instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A
27 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee*, 250 F.3d at 688.

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## V. ANALYSIS

Because the Court finds Defendants' res judicata argument dispositive, it turns to it first.

In their Motion, Defendants argue that Plaintiffs' present lawsuit must be barred because it arises from the same "transactional nucleus of facts" as the Alameda County Action. Mot. at 8. Defendants argue that the factual allegations and claims in the FAC are identical to the factual allegations and causes of action in the Alameda County Action amended complaint. *Id.* In response, Plaintiffs argue that they did not allege a cause of action for breach of contract in the Alameda County Action and that there was no final judgment on the merits. Opp'n at 5, Dkt. No. 30.

The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States … as they have by law or usage in the courts of such State … from which they are taken." 28 U.S.C. §1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). As acknowledged by the Ninth Circuit, "[r]es judicata, also known as claim preclusion, bars litigation in a subsequent action of any

7

claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001) (citing *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). The doctrine of res judicata is applicable when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. *Id.*

Here, there is no dispute that the present case and the Alameda County Action involves the same parties. Accordingly, this factor has been met and the Court's analysis focuses on the first two elements.

**A.     Identity of Claims**

The Ninth Circuit employs a four-factor test to determine whether successive actions involve the same claims: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 529 (9th Cir. 1998) (quoting *Robertson v. Isomedix, Inc. (In re Intl. Nutronics)*, 28 F.3d 965, 969 (9th Cir. 1994)). "'The last of these criteria is the most important.'" *Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir.), *cert. denied*, 459 U.S. 1087 (1982). Indeed, if both claims in the different actions arose from the same "transactional nucleus of facts" and the claims in the second action could have been brought in the first, that alone would be sufficient to find that the second action is barred by the first. *Id.* at 1430 (emphasis added).

Here, the Court finds that the instant case arises from the same "transactional nucleus of facts" as the Alameda County Action. As noted above, the factual allegations in the FAC are identical to the factual allegations in the Alameda County Action amended complaint. A comparison of the two complaints demonstrates that both actions assert claims relating to the same loan for the same property. Additionally, both actions challenge the propriety of the same foreclosure sale.

8

Despite this, Plaintiffs argue that res judicata is inapplicable because they did not allege a cause of action for breach of contract in the Alameda County Action. However, res judicata bars any claims that were raised *or could have been raised* in the prior action. *Owens,* 244 F.3d at 713 (citation omitted) (emphasis added). Thus, res judicata will bar subsequent claims arising from the same factual situation even if they are brought under a different legal theory. *Mycogen Corp. v. Monsanto Co.* 28 Cal.4th 888, 896-97 (2002). Plaintiffs' inclusion of differently-titled causes of action in the instant suit is barred by res judicata because they cannot re-litigate issues that could have been properly decided in the Alameda County Action. Further, Plaintiffs are also collaterally estopped from re-litigating issues argued and decided in prior proceedings. *Pac. Lumber Co. v. State Water Res. Control Bd.*, 37 Cal. 4th 921, 943 (2005) ("Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings."). Collateral estoppel "bars the party to a prior action, or one in privity with him, from relitigating issues finally decided against him" in an earlier proceeding. *Modesto City Schools v. Educ. Audits Appeal Panel*, 123 Cal. App. 4th 1365, 1379 (2004).

Plaintiffs could have brought each of the claims for relief asserted in the FAC in their Alameda County Action. As all of the claims asserted by Plaintiffs in the Alameda County Action arise from the same "transactional nucleus of facts" as the claims in the instant case, res judicata applies to bar Plaintiffs' re-litigation of any claims that were raised or could have been raised in the Alameda County Action. Moreover, in their FAC, Plaintiffs assert the same claims for violation of Business and Professions Code section 17200, wrongful foreclosure, and slander of title as they asserted in their prior Alameda County complaint. RJN, Ex. G. Under the doctrine of collateral estoppel, Plaintiffs are barred from re-litigating those same claims and issues in the instant matter. Accordingly, this factor has been met.

**B.     Final Judgment on the Merits**

Next, the Court must consider whether there was a final judgment on the merits in the Alameda County Action. A dismissal with prejudice is a dismissal on the merits. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327 (1955). The phrase "final judgment on the merits" is often

used interchangeably with "dismissal with prejudice." *Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 181 F.3d 1142, 1144 (9th Cir. 1999); *see also People v. Carter*, 36 Cal.4th 1215, 1240 (2005) ("An issue is actually litigated [w]hen [it] is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined . . . .").

Here, the Alameda County Superior Court entered judgment against Plaintiffs and in favor of Defendants on November 15, 2012, finding that "Plaintiffs' entire action is **DISMISSED WITH PREJUDICE** and **JUDGMENT IS ENTERED** against Plaintiffs and in favor of Defendants." RJN, Ex. K at 2 (emphasis in original). Plaintiffs argue that no final judgment was entered because the court's October 11 order gave Plaintiffs leave to file a second amended complaint. Opp'n at 5. However, that order was issued prior to the November 15 final judgment. In fact, on November 8, 2012, the court specifically vacated Plaintiffs' voluntary dismissal of the Alameda County Action after entry of the Demurrer Order so that it could make a "dispositive ruling" in Defendants' favor – thereby finally adjudicating that action on its merits. RJN, Ex. J. In doing so, the state court specifically chastised Plaintiffs for their blatant "forum-shopping" and "gamesmanship," in attempting to dismiss the operative complaint in that case to avoid the controlling effect of the Demurrer and Strike Orders. *Id.* Accordingly, the Court finds that there was a final judgment on the merits. This factor has also been met.

## VI.  CONCLUSION

Based on this analysis, the Court finds that res judicata bars the instant action as Plaintiffs have already litigated the same claims against the same Defendants in the Alameda County Superior Court. Accordingly, Defendants' Motion to Dismiss is GRANTED. As Plaintiffs' FAC could not possibly be cured by the allegation of other facts, it is DISMISSED WITH PREJUDICE. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: July 24, 2013

_____
Maria-Elena James
United States Magistrate Judge